EDDY et al. v. KRAMER et al.

SAME v. MATHER et al.

(Circuit Court of Appeals, Third Circuit. December 9, 1918. Rehearing Denied April 30, 1919.)

Nos. 2402, 2403.

PATENTS ⟨Key⟩328—INVENTION—CALENDAR FIXTURES.

The Eddy patents, No. 1,153,543 and No. 1,153,545, relating to tin caps for the top of yearly calendar pads, *held* void for lack of invention, in view of the prior art.

Appeal from the District Court of the United States for the Eastern District of Pennsylvania; J. Warren Davis, Judge.

Suits by James Francis Eddy and another against Henry F. C. Kramer and others, and against Charles E. Mather, Victor Mather, and Gilbert Mather, copartners trading as Mather & Co. Decrees for complainants, and defendants appeal. Reversed.

For opinion below, see 247 Fed. 962.

D. H. Solis-Cohen and Arno P. Mowitz, both of Philadelphia, Pa., for appellants Kramer and others.

Hector T. Fenton, of Philadelphia, Pa., for appellants Mather.

Ward W. Pierson, of Philadelphia, Pa., and Russell M. Everett, of Newark, N. J., for appellees.

Before BUFFINGTON and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. The two patents here involved concern the construction of a tin cap, at the top of a yearly calendar pad, which by engagement with a slot in a permanent backboard holds such pad in engagement with the backboard. The court below, in an opinion reported in 247 Fed. 962, found the patents valid and infringed. The facts are fully stated in that opinion, and we avoid restatement by reference thereto.

⟨Key⟩For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

The case turns on validity, and we add nothing to the reported case by a further discussion of details. The question of inventive character of plaintiff's tin cap was one of fact. A permanent, slotted back, on which a new calendar could be placed each year, was in itself old. Such a removable calendar pad for the current year, with a tongue at its back adapted to engage on its back to a movable backboard, was also old. A metallic cap at the top of a calendar pad was also in prior use. The improvements made by the defendant in his first patent consisted in widening the slot, in widening the tongue to completely fill the widened slot, and thus engaging the locking calendar and board in a firmer manner than theretofore. In his second patent the plaintiff placed lugs or ears at either end of the widened tongue, the functional purpose of which was to afford greater space, and consequently more permanency to the calendar sheets, where the nails went through the tin cap and bound the sheets together.

After careful consideration, we are of the opinion these improvements were the natural advance incident to the art. It is true this plaintiff's cap made a more attractive looking calendar, one which had a firmer connection with the backboard than heretofore, and one which possibly gave a firmer and more effective hold to the sheets, by affording a larger margin on the upper side of the holes by which the sheets were held in place. But all of these improvements were in our judgment but the natural manufacturing advances in an existing art, where improvement was to be expected, in the comfort and attractiveness of office appliances which have in the last few years characterized the surroundings of business and professional work. Regarding the patentee's improvements as the natural growth to such art, we feel they do not involve invention.

The decrees below are therefore reversed, and the cases remanded, with instructions to dismiss the bills.